TURNER BROS. *v.* ARGO & CO.

(*Nashville.* December 16, 1890.)

1. CHANCERY SALE. *Decree for, barring redemption, erroneous, when.*
Decree for sale of debtor's land barring his right of redemption is erroneous unless there is in the bill a prayer for sale in bar of that right.

2. HOMESTEAD. *None in wife's land.*
Husband and wife cannot assert, either jointly or singly, a right of homestead in the wife's land against a decree for their joint debt.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

WHITMAN & GAMBLE for Turner Bros.

MARKS & MARKS and J. G. BRANCH for Argo & Co.

LEA, J. Turner Bros. filed a bill against L. F. Argo and his wife, Rebecca H. Argo, partners, under the firm name of L. F. Argo & Co., to

collect an account for goods sold, and to set aside a fraudulent sale of the goods to one Whitmore.

Afterward an amended bill was filed, attaching three lots in the city of Nashville, belonging to Mrs. Argo.

The bill and amended bill were answered. The correctness of the account was admitted, but it was insisted in both answers that, while the name of the husband was used in the firm name, the wife alone owned the stock of goods, and the husband had no interest therein; and Mrs. Argo in her answer claimed that she was entitled to homestead in the three lots attached, if a sale thereof was ordered.

The Chancellor gave a decree in favor of complainants for the amount of their debt, and ordered a sale of the land upon a credit, barring the equity of redemption.

The case is here by writ of error.

The defendants have assigned two errors: First, because the Court ordered the sale barring the equity of redemption; and, secondly, because of the refusal to grant homestead.

The first assignment is well taken. There was no application in the amended bill, under which the land was sold, to bar the equity of redemption.

The second assignment is not well taken. The lands belonged to Mrs. Argo. The law provides for the exemption of a homestead to each head of a family. In law, though it may be otherwise

Turner Bros. *v.* Argo & Co.

in fact, the husband is the head of the family. She is not therefore entitled to homestead out of her own lands; nor, as contended in argument, is the husband entitled to homestead in lands belonging to the wife.

The decree of the Chancellor will be affirmed, with the modification above indicated. The land will be sold for cash, subject to equity of redemption. The cost will be paid by defendants.