BANK *v.* LUMBER CO.

(*Nashville.* March 5, 1898.)

HOMESTEAD. *Does not exist in married woman's separate estate.*

The right of homestead does not exist in favor of either husband or wife in the latter's separate estate in realty.

Constitution construed: Art. XI., Sec. 11.

Code construed: §§ 3798, 3800, 3801, 3802 (S.); §§ 2935, 2936, 2937, 2938 (M. & V.); §§ 2110*a*, 2113*a*, 2115*a* (T. & S.).

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

STOKES & STOKES for Bank.

J. S. PILCHER and M. MARSHALL MORGAN for Lumber Co.

CALDWELL, J. At a former day of the term, the complainant in this cause obtained a decree against the Cumberland Lumber Company and other defendants, upon a note for $800, and interest thereon. Mrs. Henrietta C. Ewing, one of the makers of the note, was relieved from personal liability because a married woman; but her separate estate, which she

had charged with the note by written stipulation, was adjudged to be sold after ninety days, if the recovery should not sooner be paid. Mrs. Ewing, who, with her husband, resides on her separate estate in West Nashville, as a home, now moves the Court for an assignment of homestead therein, or that the sale be made subject to her right of homestead.

The motion must be overruled. The exemption of a homestead in this State is allowed, in the first instance, to the head of the family alone, and is assignable only in real estate, or interests therein, owned by the person occupying that position. Const., Art. 11, Sec. 11; Code, T. & S., §§ 2110*a*, 2113*a*, 2115*a*; M. & V., §§ 2935, 2936, 2937, 2938; Shann., §§ 3798, 3800, 3801, 3802. The husband is the legal head of the family where the marital relation exists, and, for that reason, the homestead, if assigned during his life, is assignable to him and from his property. Neither the wife nor the husband is entitled to the exemption of a homestead in her land. *Turner* v. *Argo*, 89 Tenn., 443. She is not entitled to it because not the head of the family; and he is not entitled to it because he does not own the property.

Let the motion be overruled.