RIGSBY et al. v. MARLER.—66 S. W. (2d) 232.

Eastern Section.    December 15, 1932.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Solon L. Robinson, of Pikeville, for complainants.
George H. West, of Dayton, for defendant.

CASSELL, Sp. J.   Suit filed January 13, 1931, in the chancery court of Bledsoe county by R. R. Rigsby, A. A. Lucas and wife, Lida Lucas, S. B. Holland and wife, Sadie Holland, and C. W. Short and

wife, Winnie Short, against R. H. Marler, to enforce vendor's lien on a tract of land about 135 acres sold to Marler by Rigsby as evidenced by deed dated December 17, 1928. The consideration of such was $1,600, of which $300 was in cash and $1,300 in five certain promissory notes each for $260 payable in one, two, three, four, and five years from date, respectively, each bearing 6 per cent interest. All the notes were payable to R. R. Rigsby, but the other complainants were heirs at law of Eliza J. Rigsby, deceased, the wife of complainant R. R. Rigsby. These other complainants claim to be entitled, as the heirs of law of Eliza J. Rigsby, deceased, to an interest in part of the 135 acres.

The bill alleges that two of the notes were past due and that the first note had a credit on it of $113. It is further alleged that the defendant has allowed taxes to fall due and that the property has depreciated in value and that timber has been cut on the land in violation of the provisions of the deed stating that no timber should be cut on the land until after the payment of the first note. The prayer of the bill is as follows:

"The premises considered the complainants pray:

"(1) That subpoena to answer issue and be served on the defendant and that he be required to answer this bill, but this oath to his answer is waived, and he is excused from answering under oath.

"(2) That complainants may have a decree against the defendant for the amount due them on said notes, and a lien be declared to exist in favor of the holder of said notes on said tract of land to secure the payment of this decree.

"(3) That in enforcement of complainants' lien and in satisfaction of this decree, said tract of land be sold on a credit of six and twelve months.

"(4) That an injunction issue by fiat of Your Honor to inhibit and restrain the defendant, his agents and employees from cutting or removing any trees or timber on or from said land.

"This is the first application for an injunction in this case.

"(5) That complainant may have such further and other relief as they may be entitled to."

The notes are exhibited to the bill, and lien was reserved in the deed. To this bill a demurrer was filed to the effect that three of the notes were not due; that suit was premature; that the land conveyed was warranted to be free from incumbrances; and that it was not alleged that it was free of incumbrances; and for the further reason that the notes sued on were not assessed or returned for taxes or for the payment of income tax on same.

Upon the hearing, the chancellor overruled all the grounds of demurrer except the first, which recited the notice of heirship of some of the parties, and the bill was amended to show that all the complainants outside of R. R. Rigsby were heirs at law of Eliza Rigsby,

wife of R. R. Rigsby, and thereupon the demurrer was overruled as to this ground and defendant required to answer. Such answer having been filed raised several grounds of defense. It denied the cutting of timber in violation of the agreement, and claimed a credit of $203.05 instead of $113. The answer raised the question of the failure of the defendant to get immediate possession of the land and also set up as a further defense that there was a mortgage or trust deed on the property. It further denied that any of the notes were due when the bill was filed and that suit was premature.

The chancellor entered judgment in favor of the complainant for $825.71, giving credit on the judgment of $203.05, and included a $100 fee for complainant's solicitor, and ordered the sale of the property on six and twelve months' time and in bar of the equity of redemption. The defendant has appealed to this court from the decree of the chancellor, and assigned errors as follows:

"I. The court erred in not allowing defendant the credits aggregating $113 shown as payments on the face of the first note and to which the bill averred and the answer admitted the defendant was entitled as credits on said notes.

"II. The court erred in not giving defendant credit for $15 and $13.32, a total of $28.32 shown by exhibit 1 to the cross-examination of R. R. Rigsby and admitted by said Rigsby to be proper credits, in addition to said credit of $113 and to the credit of $203.05 allowed by the chancellor.

"III. The court erred in rendering a decree against defendant for $825.17.

"IV. The court erred in rendering a decree for any amount on the notes sued on in favor of complainants Lida Lucas, Sadie Holland and Winnie Short.

"V. The court erred in declaring a lien in favor of said Lida Lucas, Sadie Holland and Winnie Short on the land described in the bill and especially on the about 115 acres to which they never had any title or claim or color of title, and in ordering a sale of same for their benefit.

"VI. The court erred in declaring a lien in favor of R. R. Rigsby on the land described in the bill and especially on that part or division of it of about 22 acres to which he neither had or claimed title but which, before its sale to defendant, is averred to have belonged to said Lida Lucas, Sadie Holland and Winnie Short, and in ordering a sale of it for his benefit.

"VII. The court erred in ordering all of said land sold for part only of the debt secured by it, there being outstanding notes not yet matured, in the absence of any evidence that the defendant had so requested or that the said land could not be divided and the record showing that said land was composed [of] three distinct divisions,

and in the absence of any evidence that a sale of all of it was necessary.

"VIII. The court erred in ordering said land sold for debt in bar of the equity of redemption, the bill containing no prayer for a sale in bar of redemption and no request therefor having been made at the hearing.

"IX. The court erred in overruling defendants-appellants demurrers."

The facts in the case are substantially as set out in the original bill, and it is not necessary here to further state them except in so far as is necessary to dispose of the assignments of error as given above.

The first and second assignments of error raise the question of credits claimed by the defendant. The deposition of complainant Rigsby shows clearly that $203.05 is all that was paid, and there is no satisfactory evidence in the record—in fact, no evidence—to dispute this fact. The defendant, Marler, does not testify, so these two assignments of error must be overruled.

The third assignment of error, which declares that the court erred in rendering judgment for $825.71, must also be overruled; first, because it is too general, and, second, because this amount represents the balance due together with the $100 solicitor's fee due the complainants' attorney as provided in the notes.

The fourth assignment of error goes to so much of the decree as was entered in favor of Lida Lucas, Sadie Holland, and Winnie Short; this assignment is also overruled for the reasons that it does not comply with the rules of the court, as it is too general, and, in addition to this, the record shows that the parties have an interest in the land and no reason has been shown why the land should not be subjected to the payment of the debt. The land was all in one tract, and, under the decree of the chancery court, it was so held, and besides we do not see that the defendant is interested in this, especially inasmuch as the deed conveyed all the land as one tract and these parties signed the deed along with the other heirs.

The fifth assignment of error is overruled, as the above opinion on the fourth assignment of error covers the question raised herein.

The sixth and seventh assignments object to the action of the court in declaring a lien on part of the tract of land in favor of some of the complainants; as before stated, it is the opinion of the court that the defendant was not interested in this and the land conveyed (as shown by deed) was all in one tract.

The seventh assignment of error raises the point that the lower court should not have ordered the sale of all the land for part of the debt secured by it as there were outstanding notes not yet matured. This assignment calls for investigation of the authorities in Tennessee on this subject, but before a citation of the law we must look to the decree of the court and see just what was done by the

chancellor. The decree so far as pertains to this assignment is as follows:

"The cause will be retained in court for further orders in regard to the unmatured notes by said vendor's lien in the face of the deed filed in this cause."

A question now arises as to whether the recitals in the decree injure the appellant. We copy here sections 8037-8039 of the Tennessee Code of 1932.

"8037. Enforced for each payment.—The vendor of land, as each payment of the purchase money becomes due, may bring his suit to enforce his lien as vendor, and may have so much of the land sold as may be necessary to pay the money then due.

"8038. As it falls due.—The suit shall be retained in court, and, as each of the payments becomes due, the court shall direct a sufficient quantity of the land to be sold to satisfy the same.

"8039. All the lands sold, when.—If the land cannot be divided without material injury to the parties, or, if the vendee so direct, the court shall order it all to be sold at one time, making the payments to fall due at such times as the purchaser has agreed to pay the vendor; and the money, as collected, shall be applied to the payment of the installments due the vendor."

It will be noticed that said section 8037 states that so much of the land may be sold "as may be necessary to pay the money then due," and the court is directed to retain the case in court, and, as each of the payments become due, the court shall direct a sufficient quantity of land to be sold so as to satisfy the same. Section 8039 provides that, if the land cannot be divided without injury to the parties or if the vendee so directs, the court shall order all the land to be sold at one time, making the payments fall due at such times as the purchaser has agreed to pay the vendor, and the money as collected should be applied to the payment of the installment due the vendor. It seems from inspection of the decree that this was not done in this case, but all the land was ordered sold for the judgment rendered on the first three of the notes. This does not comply with the law. All the land has been ordered sold, and it will now do no good to hold the case in court and enter judgment on the notes not yet due when the security for said notes has been completely exhausted. Neither was it shown, which is necessary, that the land is incapable of division. For this reason the seventh assignment of error is sustained and the decree of sale to that extent is set aside.

The eighth assignment of error recites that the court erred in ordering the land sold for debt in bar of the equity of redemption; it being alleged that the bill contained no prayer for sale in bar of redemption and no request therefor having been made at the hearing.

Upon examination of the bill we find that the third prayer does

not ask for sale in bar of equity of redemption but does ask that the property be sold on six and twelve months' time.

Gibson in his Suits in Chancery (section 623) states, in substance, that a man's right to equity redemption should be very jealously guarded by the courts, but that the court upon the complainant's request may order "1. That the property be sold on a credit of not less than six months, nor more than two years. 2. That when the sale is made and reported, and confirmed, no right of redemption or repurchase shall exist in the debtor or his creditors, but that the purchaser's title shall be absolute." It must be noted that not only must the property be sold on time, but the complainant must pray in his bill for sale to be in bar of the equity of redemption in order to bar the right to redeem. Idem., sec. 623. However, there has been no sale of the property in this case, and, while the failure to pray for the sale in bar of the equity of redemption would be fatal in case there had actually been a sale, yet the decree may be corrected in this case so as to show the necessary facts regarding the redemption.

In the case of Turner Bros. v. Argo & Co., 89 Tenn., 443, 14 S. W., 930, the court held that "Decree for sale of debtor's land barring his right of redemption is erroneous unless there is in the bill a prayer for sale in bar of that right." See, also, Smith v. Taylor, 11 Lea (79 Tenn.), 738.

The question next arises whether the judgment of the lower court is void or whether it can be corrected by this court so as to preserve the right of the redemption; the court will not, in the absence of any complaint that the property did not sell for full value, order a resale, but will order that the sale stand subject to the right of the owner to redeem.

Under this decision, which seems to be the well-established law in Tennessee, we are of the opinion that the decree of the lower court should be modified so as to give the debtor, appellant herein, two years after the date of confirmation of the sale of the property within which to redeem it; it appearing that there is no proof whatever in the record that the property did not bring its value at the sale, and the decree of sale will be modified accordingly. The case will be remanded to the lower court, and proof will be taken and the fact ascertained whether said land can be divided without injury to the rights of the various parties and sold in parcels as the notes mature and judgments taken on the same, and for the notes already matured, and for which judgment has been taken, and the purchase money will be applied according to the respective interest of the parties as collected. If the land cannot be so divided then it will be sold as a whole and proceeds prorated according to said respective interests, and the decree of the lower court is accordingly so modified. This case will be retained on the docket for the carrying out of the decree as modified. The cost of the cause in the lower court will

be adjudged by the chancellor when the case is finally disposed of, and the cost of this appeal will be paid by the appellee.

Portrum and Thompson, JJ., concur.