E. W. Ross, Executor, etc.

*v.*

W. D. Bateman et al.

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

Moss & Benton, Jackson, for appellants.

Ross & Ross, Savannah, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill was filed by Helen Bateman Hayes for a construction of the will of Judge T. P. Bateman, and especially item seven and twenty-one of his will.

The complainant, Helen Bateman Hayes, is an adopted daughter of W. D. Bateman, and claims that she is entitled to the property bequeathed and devised to her adoptive father under said will. The Chancellor held that the will did not intend to include an adopted child, or children, and dismissed the bill. The Court of Appeals affirmed.

Judge Bateman executed the original will on April 22, 1909. He executed one codicil on August 31, 1911, and executed another codicil on September 25, 1912. He died in March, 1913, and a bill was filed for a construction of the will including the trust features under the orders of the court. The trusts have not terminated and the case is still pending.

The principal beneficiaries under this will are the four children of R. M. Bateman, a brother of Judge Bateman and their representatives. The four children of R. M. Bateman are *W. D. Bateman*, J. M. Bateman, and T. P. Bateman, Jr. (sons) and one daughter Edie I. Bateman.

*W. D. Bateman* was married to Mary Eleanor Crain on January 23, 1896. It appears that *W. D. Bateman* had been married before this and had one child by the first marriage who died in infancy. The complainant was born in 1912, and was practically reared by W. D. Bateman and wife, but was not adopted until 1919. *Mrs. W. D. Bateman* died in 1927, and *W. D. Bateman* died in January, 1950, without natural, or descendants of natural, children surviving him.

By item seven of his will, Judge Bateman devised to E. W. Ross as trustee certain valuable lands for the use and benefit of *W. D. Bateman,* "he, the said *W. D. Bateman,* to have and to receive the rents, profits and income arising therefrom during his natural life." The gift beyond the life of *W. D. Bateman* is in the following words of the will:

"Upon the death of said *W. D. Bateman,* said land will pass from the trustee, and the title thereto will vest in the lawful children of said W. D. Bateman surviving him, or in the descendants of such lawful children, the descendants taking the share the parent would have taken if living, but if said W. D. Bateman should die either before or after my death, without lawful children or descendants of such surviving him, then in that event, said land herein devised to him for life will be taken by his brothers, J. M. Bateman and T. P. Bateman, Jr., equally, if living, and in the event either or both of them should be dead at the time of the death of said *W. D. Bateman,* then the legal descendants of the one dead, or of both should both be dead taking the interest the parent would have taken if living. If either of said brothers should be dead leaving no children or legal descendants of such sur-

viving, then the survivor of said brothers will take said land, or if one of them should be dead leaving no children or legal descendants of such surviving, and the other should also be dead but have lawful children or legal descendants of such surviving, then such surviving child or descendants of such will take said land, and in the event both of said brothers should be dead leaving no lawful children or legal descendants of such surviving, then said land will revert to my estate.''

The parties agree that there is but one question for this Court to determine. Both sides also agree that the question has not been answered by this court. Both agree that the adoption of complainant, Mrs. Hayes by *W. D. Bateman,* does not establish the right of complainant to inherit from her adopted father's uncle, the testator. Both sides further agree that we must find within the will itself an intention that the complainant shall take under it.

All parties concede that Judge Bateman was not only a fine business man, but also a very astute and successful lawyer, as well as being a very capable judge.

One reading the above item seven of the will cannot fail to note the often repeated words, ''surviving or surviving children,'' indicating that the property devised where there were no *legal* heirs would go to those having children. Would the fact that one or more of his brothers, or nephews adopting a child, or children affect the continuity of Judge Bateman's purpose?

There appears no doubt that the testator intended to keep this property in the Bateman family as long as he could legally do so, and not offend the rule against perpetuities, or some other policy of the law. It will be noted that the testator often used the expression ''legal

descendants, or lawful children.'' It is contended that the testator used the term ''lawful children'' to preclude illegitimate children. This is not likely for the reason that no doubt Judge Bateman knew that illegitimate children did not inherit from the father in Tennessee.

The testator never had any children. From a reading of Item seven of the will, it seems clear that the testator expected the trusts would continue for many years. It seems that the beneficiaries under the will were not good business men and this was well known to the testator.

■ Item twenty-one of the will is important and material to be considered, as to whether any of the real estate devised to W. D. Bateman could be taken by his, adopted child, who was not related to the testator, nor to the brother R. M. Bateman, and in this item he states:

''It is my desire, that the property devised to the children and descendants of such, of my brother, R. M. Bateman, be kept within his family as expressed by this will, if it can be done under the law, and by this item, it is my desire to impress upon the Courts in the construction of this will, or in any litigation that may at any time arise about said property, that fact and that such is my purpose and desire.''

In 1 Am.Jur. Sec. 64, p. 664 it is said:

''In the matter of construing the rights of an adopted child to take under a will, it should be borne in mind that it is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. The disposition of the courts is to confine and limit the word ''children'' in its application, when it occurs in a will, to its natural import, excluding adopted children, except where the testator has clearly

shown by other words that he intended to use the term in a more extensive sense. Such intent may, of course, be inferred from any and all circumstances which reasonably indicate the position of the testator and his probable attitude toward the adopted child." See also 57 Am.Jur. Sec. 1365; *Mooney v. Talles,* 111 Conn. 1, 149 A. 515, 70 A.L.R. 608.

This adopted child was born on May 18, 1912, and four months later the last codicil to the will was made, and he made no change in the clause devising the lands in remainder to the lawful children or their descendants of W. D. Bateman. The testator died without further change in his will, on March 23, 1913. Mrs. Hayes, although she had lived with W. D. Bateman and wife nearly all of her life was not adopted until August 30, 1919.

It is conceded by all the parties that we have no holding on this particular point in Tennessee. However, the great weight of authority elsewhere does not support the contention of Mrs. Hayes. We think in keeping with our long established rule, of giving full effect where possible to the intention of the testator, we are of the opinion that the two lower courts placed the proper construction on this feature of the will.

Affirmed.

On Petition to Rehear

Rehearing denied.

NEIL, CHIEF JUSTICE (concurring).

The issue in this case was from the beginning one of unusual interest. The briefs of counsel for the appellant, Mrs. Helen Bateman Hayes, ably presented her insistence that as the adopted child of W. D. Bateman she

was his "lawful child" and hence entitled to take under "Item 7" of T. P. Bateman's will. The authorities cited on the brief bear out the insistence that she would share in the estate of her father, the said W. D. Bateman, had he died intestate. But her right as a *remainderman* to take under the will of the testator, T. P. Bateman, depends solely upon the *intention* of the said testator.

In my concurrence with the majority I felt, and it is my present view, that in considering the testator's intention to include or exclude a beneficiary as *remainderman* it is important to give attention to the status of the remainderman, that is, was she an adopted child at the time the testator wrote his will? While this is not solely determinative of the intention, it is an important factor in passing upon that issue.

It appears from the record that Helen Bateman Hayes was born on May 20, 1912, and immediately became a member of W. D. Bateman's household. On September 25, 1912, the last codicil to the will of T. P. Bateman was made, and no change was made in the clause devising the lands in remainder to the "lawful children or descendants" of W. D. Bateman. The said Helen Bateman Hayes was not adopted by W. D. Bateman and wife until August 30, 1919. Judge Bateman, who was recognized as a very able lawyer, must have known when he made his will that Helen Bateman Hayes was not at that time a "lawful child" of W. D. Bateman within the provisions of our statute. In fact the will was made before this child was born.

If he intended to include *adopted* children, his will was silent in that regard. This being the case it cannot be said that he intended to include a *future* adopted child. When we come to consider the rights of an adopted child

under our statute, it is pointed out by Judge Felts in *Marshall v. Marshall*, 25 Tenn.App. 309, 156 S.W.2d 449, 450:

"Generally, statutes of adoption are to be strictly construed against an adopted child, but that rule of strict construction is applied only in cases involving the right of an adopted child to inherit from relatives of the adopting parent."

Moreover, it appears (and the fact was expressly noted by Judge Carney, speaking for the Court of Appeals) "that the testator gave the cestuis que trust for life no right of sale; gave them no power to dispose of the land by will; he gave their wives no rights in the land after their deaths; and with great particularity provided for the disposition of the fee simple in said lands in case the cestuis que trust for life died without 'lawful children or their descendants.'"

In reading this will we could not avoid taking notice of the great care that Judge Bateman exercised, not only in the disposition of his estate, but his advice, expressed in apt words, as to how his will should be construed. In these circumstances, it seems strange that knowing that Helen was not a natural child of her father, and was not even an adopted child when he wrote his will, he remained silent as to whether or not she should be regarded as a natural child and thus entitled to share as a remainderman under his will.

In construing this will it is difficult to conceive that the testator intended to provide for a child that was yet unborn when the will was made. The child in these circumstances could not take according to the testator's intention. Before she could set up a claim as a natural child by force of the statute, her right in this regard

would have to be found in the use of apt words, or some equivalent expression, in the will, or by such circumstances as would clearly disclose an intention that she was to share as a remainderman.

This case has not been without its difficulties. However, when the will is considered as a whole, and all the circumstances attending its due execution, the extreme care and foresight and legal ability of the testator in disposing of a large estate, I feel that the original opinion of the Court is correct.