IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2003 Session

## In Re: LILLIE ODESSIE GREEN, Decedent

**An Appeal from the Circuit Court for Davidson County (Probate Division)**
**No. 01P1745     Honorable Frank G. Clement, Jr., Judge**

_____

**No. M2002-01672-COA-R3-CV - Filed August 29, 2003**

_____

The court is asked to construe the following language contained in a form will:

"I give all my estate to my children, if any, who survive me in equal shares, per stirpes."

The testatrix was survived by four of her five children. The trial court held that the two children of the testatrix's child who predeceased her did not take any of her estate. We hold likewise.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

ROYCE TAYLOR, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM CAIN, J., joined.

Paul N. Rudolph, Nashville, Tennessee, for the appellants, Troy Green and Thomas Roy Green

Robert B. Young, Nashville, Tennessee, for the appellees/Co-Executors, Harold Calvin Buttrey and Juanita Green

Karl D. Warden, Nashville, Tennessee, for the appellees/Defendants, Freddie G. Buttrey, Roy K. Green and Joann England

## OPINION

The testatrix, Lillie Odessie Green, died on October 26, 2001 at age ninety-one (91). Her will was admitted to probate November 27, 2001. The will is a preprinted form with blanks to make hand written entries. It purports to be copyrighted "by AFBP. All rights reserved." The will is dated

the sixteenth day of February, 1987 and identifies her husband as James Thomas Green. Mr. Green predeceased Mrs. Green. The dispositive language is set forth in the third paragraph as follows:

> "I give all my estate to my husband. In the event that my said husband shall predecease me or fails to survive me for sixty (60) days, I give all my estate to my children, if any, who survive me in equal shares, per stirpes. If I am survived by neither my husband, nor children, then I give my estate to: *Grandchildren in equal shares*[1] to be his/her/theirs in equal shares or their survivor."

The testatrix was survived by four children, Freddie G. Buttrey, Frank Ronald Green, Roy K. Green, and JoAnn England. The testatrix was also survived by two grandsons, Troy Green and Thomas Roy Green, who are the children of a son who predeceased her. The grandsons appeal from the order entered June 21, 2002, which orders the estate of Lillie Odessie Green distributed in equal shares to the four surviving children.

The use of the term "*per stirpes*"[2] after the language "my children, if any, who survive me in equal shares" creates an obvious inconsistency if not impossibility. The preprinted language connotes a *per capita*[3] distribution.

> "The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it, unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the will, read in the light of the surrounding and attending circumstances." *Moore v. Neely*, 370 S.W. 2d 537, 540 (Tenn.1963).

In this case, taking the devise as a whole, the clear intention of the testatrix without the language "*per stirpes*" is to pass her estate to her surviving children and only to her grandchildren if there are no surviving children.

> "Where a testator uses technical words, he will be taken to use them in their legal sense unless the context clearly indicate the contrary. (cite omitted) Where a will is drafted by a lawyer, technical words used therein must be given technical meanings." (cites omitted) *Banovic v. Davis,* 642 S.W.2d 153, 156 (Tenn. App.1982).

---

[1] "*Grandchildren in equal shares*" is hand-printed.

[2] *Per stirpes*- By roots or stocks; by representation. This term, derived from the civil law, is much used in the law of descent[s] and distribution, and denotes that method of dividing an intestate estate where a class or group of distributees take the share which their deceased would have been entitled to, had he or she lived, taking thus by their right of representing such ancestor, and not as so many individuals. It is the antithesis of *per capita* (*q.v.*).
*Black's Law Dictionary, Sixth Edition*.

[3] *Per capita*- By the heads or polls; according to the number of individuals; share and share alike. This term, derived from the civil law, is much used in the law of descent and distribution, and denotes that method of dividing an intestate estate by which an equal share is given to each of a number of persons, all of whom stand in equal degree to the decedent, without reference to their stocks or the right of representation. It is the antithesis of *per stirpes.(q.v.).*
*Black's Law Dictionary, Sixth Edition*

In this case, the will was not prepared by a lawyer and the term "*per stirpes*" is contrary to the remaining language. The misuse of the technical term "*per stirpes*" in a preprinted form should not defeat the testatrix's intention. "Where the intent of the testators is determined, the use of inept words or errors in grammar and punctuation will not vary, change or alter that intent." *Mongle v. Summers*, 592 S.W. 2d 594, 596 (Tenn. App. 1979).

We therefore hold that the trial judge correctly determined the intention of the testatrix and his Order of distribution is affirmed. This matter is remanded to the trial court for distribution and closure of the estate. Costs are taxed to the appellants.

_____

ROYCE TAYLOR, SPECIAL JUDGE