9487

GARDNER *ET AL.* v. HORTON *ET AL.*

(89 S. E. 637.)

WILLS—CONSTRUCTION—RESIDUE TO "HEIRS"—STATUTE OF DISTRIBUTIONS.
—A will, directing that residue be divided "among my heirs as may
be directed by laws of the State," not otherwise defining "heirs,"
divides it according to the statute of distributions, the widow taking
a third as such an "heir," where she and some of testator's children
survive him.

Before BOWMAN, J., Camden, Fall term, 1915.   Affirmed.

Suit for partition by Henry Gardner and others against
G. F. Horton and others.   From a judgment, plaintiffs and
defendant, J. F. Gardner, appeal.

John C. Horton had seven children; G. F. Horton, Elizabeth J. Horton, James J. Horton, J. Martin Horton, H. T. Horton, Sarah E. Gardner, and Mary Sowell. Sarah E. Gardner and Mary Sowell were not mentioned in the will. They had died at the date of this suit, which was by their children and the husband of Sarah E. Gardner against the other five children, the widow and J. F. Gardner, one of the sons of Sarah E. Gardner. Plaintiffs claimed title as tenants in common with J. F. Gardner. The widow, Cynthia L., answered, claiming a third. The other defendants defaulted. Judgment decreed ownership in Cynthia L., one-third, in the five defendants, children of testator, each 2-21, and in the plaintiffs and defendant, J. F. Gardner, a total of 4-21, being 2-21 in the heirs of Sarah E. Gardner and 2-21 in the heirs of Mary Sowell.

*Mr. W. B. de Loach,* for appellant, submits: *That the testator never intended that H. T. Horton should have any other portion of the land described in the complaint, as he already had a certain tract of land deeded to him by the said John C. Horton, and if this construction is correct it would seem further from the wording of the said will, that his son, J. F. Horton, and his daughter, Elizabeth J. Horton, and his son, James J. Horton, and his son, J. Martin Horton, and his wife, Cynthia L. Horton, were deemed by him to have had a sufficient share of the said tract of land for the same reason that he had provided for them in the will, and had not provided for them in a deed as he had his son, H. T. Horton    The other property of which the testator died seized and possessed, and which he did not dispose of by will, "be divided among my heirs," as he says, would mean those other of his kin who are not mentioned in the will. He merely refers to the statute of the State for the manner in which the others not named in the will should be provided for; that is, they should receive the proportion of the lands that the statute would give them if the same*

*were divided by the statute. They get their land really from the will, because the party died testate as to these lands, having provided for their disposition in the last said clause of his said will;* and cites: 26 S. C. 38 and 450; 27 S. C. 295; 29 S. C. 466; 30 S. C. 184; 46 S. C. 169.

*Mr. T. B. Lewis,* for respondent, cites: *As to construction of will:* 13 S. C. 512; 17 S. C. 504; 93 S. C. 69. *Heirs defined:* 37 S. C. 264; 3 Rich. Eq. 550. *Advancements distinguished:* 13 S. C. 512; 12 Rich. Eq. 410; 17 S. C. 504; 93 S. C. 70. *Ademption:* 13 S. C. 512; 54 S. C. 380.

August 10, 1916.

The opinion of the Court was delivered by MR. JUSTICE GARY.

John C. Horton died leaving of force, his last will and testament, dated the 28th day of November, 1906. In the first clause thereof, he devises the tract of land therein described, to his son, G. F. Horton, "to him and his heirs in fee simple absolutely forever." He also made similar devises of other tracts of land, described in the second, third, fourth and fifth clauses, to his daughter, Elizabeth J. Horton, and his sons, James J. Horton, and J. Martin Horton, and his wife, Cynthia L. Horton, who are parties defendant in this action. He then concluded his will, as follows:

"I desire to say that I make no provision in this will for my son, H. T. Horton, for the reason that I have, heretofore, conveyed to him a certain tract of land which I deem a sufficient share of my estate. It is my desire that any and all property, of which I may die possessed, and not disposed of by will, be divided among my heirs, as may be directed by laws of the State."

The plaintiffs are the children of the testator's two deceased daughters; and the defendants are his children,

9—S.C. 105.

except James F. Gardner, who is a grandson, being the child of one of said deceased daughters. The following statement appears in the proceedings before the master:

"The matter to be submitted between parties present today is the construction of the will, in regard to the rights of Mrs. Cynthia L. Horton."

The testator did not own any other lands, besides those described in his will, and in the complaint herein, either at the date of his will or at the time of his death. In construing the will his Honor, the Circuit Judge, ruled that the defendant, Cynthia L. Horton, widow of the testator, was entitled to one-third of the lands described in the complaint, on the ground that the word "heirs" includes all those answering that description under the statute of distributions. The plaintiffs and the defendant, James F. Gardner, appealed.

In the case of *Seabrook* v. *Seabrook,* S. C. Eq. ( 1 McMul. Eq.) 201, the Court uses the following language:

"The Court is unable to find any better definition of an heir than the person in whom real estate vests by operation of law, on the death of one who was last seized. * * * In order to ascertain who is the heir, it is necessary only to inquire, to whom, by the law of the land, would the estate pass in case of intestacy? * * * The testator must be understood to speak in reference to the laws of the country in which he resides, and to include all those who answer the description of persons whom that law points out to succeed to the estate."

In *Templeton* v. *Walker,* 24 S. C. Eq. (3 Rich. Eq.) 543, 55 Am. Dec. 646, the principle is announced that:

"The statute is the exponent of the full meaning of the donor, *unless he has declared a contrary intent.*" (Italics added.)

In commenting on the case last mentioned, the Court, in *Dukes* v. *Faulk,* 37 S. C. 255, 16 S. E. 122, 34 Am. St. Rep. 745, said:

"In the case of *Templeton* v. *Walker, supra,* decided in 1850 by the Court of Errors, it was held that where no words were used in the grant or devise providing for a different distribution, the rule as laid down in our statute of distributions, in cases of intestacy, should not only determine the persons composing the class, but should also fix the share of each."

In *Deveaux* v. *Deveaux,* 20 S. C. Eq. (1 Strob. Eq.) 283, it is said:

"The first duty is to ascertain how many of the claimants before the Court come within the description given in the will; and the second is to discover whether all who do come * * * can be allowed, by the rules of law, to partake of the bounty intended.

All the foregoing cases are cited with approval in *Rembert* v. *Vetoe,* 89 S. C. 198, 71 S. E. 959, where many other authorities to the same effect are reviewed. When the word "heirs" is used in a will and it does not appear from the context who were intended to be included, then it becomes necessary to resort to the statute of distributions for the purpose of ascertaining those who are included within that term. There is nothing whatever in the will, indicating an intention on the part of the testator to define the word "heirs," and this fact alone would be sufficient to necessitate a resort to the statute of distributions. The testator, however, has placed this question beyond all controversy, by providing that the property not disposed of by his will should be divided among his heirs, *as may be directed by the laws of the State,* which has reference to the statute of distributions.

In the case of *Seabrook* v. *Seabrook,* 31 S. C. Eq. (10 Rich. Eq.) 495, it was held that where there is a devise to the testator's heirs, they do not take under the will, but

under the statute of distributions, and that the testator's widow is included under the term "right heirs," used in the will.

There is not a single expression in the will tending to show that the two daughters, not mentioned in the will, or their representatives, were intended to be the sole beneficiaries of the undisposed of property.

Judgment affirmed.