## 13151

### IRVIN v. BROWN ET AL.

(158 S. E., 733)

June, 1930.

*Messrs. Nicholls, Wyche & Byrnes* and *Jesse W. Boyd,* for appellant,

*Messrs. R. B. Paslay* and *Burnett & Burnett,* for respondent,

May 22, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action involves the construction of the will of M. H. Brown, a resident of Spartanburg County, who died in 1924. The third and fourth items are as follows:

"Item III. I will, devise and bequeath all my property, real and personal, to my beloved wife Isabella Brown for and during the term of her natural life, in lieu of dower.

"Item IV. At the death of my wife, whatever property belonging to my estate shall remain shall be divided as follows—One third (1/3) thereof shall go to the then living heirs of my wife, per sturpes, and two-thirds (2/3) thereof shall go to the then living heirs of myself, per sturpes."

In March, 1926, Isabella Brown, the widow of the testator, married Nathan Irvin, the plaintiff in this suit; she died

intestate in December, 1927, being survived by her husband. She left no children, or parent, or brothers or sisters of the whole blood, but a brother of the half blood, one Dan Powell, and a sister of the half blood, Melissa Wallace. The action was for partition of a tract of land of about 75 acres which the testator owned at his death. The plaintiff, as the surviving husband of Isabella, claimed an undivided one-sixth, one-half of one-third interest in this property, while the defendants Dan Powell and Melissa Wallace, as her half-brother and half-sister, claimed the entire one-third devised by Brown to the heirs of his wife. During the pendency of the action Dan Powell died, and his wife and six children were made parties defendant in his stead. There is no contention as to the two-thirds of Brown's estate which passed under the will to his own heirs.

The matter was referred to the master, who concluded that the words "per sturpes," used by the testator in the fourth item of the will, related only to the method of distribution, and recommended that Irvin should take the "husband's one-half interest in his deceased wife's estate, according to our statute of distribution, and that the other heirs of Isabella B. Irvin should take the other half." On exceptions to the report, Judge Sease, in an order dated June 30, 1930, reversed the master, holding that the term "per sturpes" was "inconsistent with husband" and excluded him, and that the plaintiff Irvin took no interest in the lands involved. From this decree the plaintiff appeals.

As suggested by the Master and Circuit Judge, if the testator had stopped with the word "heirs," no trouble would be experienced in arriving at the proper conclusion. The rule of construction recognized in this state is that where a devise or bequest is made to "heirs," whether of the testator or of some other person, and there is nothing in the will to show a contrary intention, the law presumes that the testator intended that they should take in accordance with the statute of distribution, Civ. Code 1922, §§ 5326-

5334. See *Allen v. Allen,* 13 S. C., 512, 36 Am. Rep., 716; *Dukes v. Faulk,* 37 S. C., 255, 16 S. E., 122, 34 Am. St. Rep., 745; *Brantley v. Bittle,* 72 S. C., 179, 51 S. E., 561; *Gardner v. Horton,* 105 S. C., 127, 89 S. E., 637.

In 40 Cyc., at page 1459, we find: "The word 'heirs' in a will primarily is used in its legal or technical sense, and, unless the context shows a contrary intention, must be construed as meaning all those who, in case of intestacy, would be entitled by law to inherit on the death of the testator or ancestor named, and usually as referring to the heirs of the testator. Ordinarily the persons who are entitled to the character of heirs under the will are determined by the statutes of descent and distribution."

In the *Allen case, supra,* the Court said: "The general rule is, that where there is a gift to a class of persons, without any direction as to the proportions in which the individuals of the class are to take, all who can bring themselves within the class are entitled to participate in the distribution. * * * But where the gift is to a class, the individuals of which can only be ascertained by a resort to the statute of distributions, then the provisions of the statute must also be resorted to for the purpose of ascertaining the proportions in which the donees are to take, unless, in the instrument by which the gift is made, a different rule of distribution shall be prescribed. *Templeton v. Walker,* 3 Rich. Eq., 543, 55 Am. Dec., 646. If, therefore, the gift is to a class of persons designated as heirs of a particular person, then, as it is necessary to resort to the statute to ascertain who are the individuals composing the class, resort must also be had to the statute to determine how or in what proportions such individuals shall take. This is upon the presumption that the donor having, by implication at least, referred to the statute as to the persons who are to take, also intended that reference should be had to the statute to determine the proportions in which they should take, unless he expresses a different intention. But when he prescribes a different mode

of distribution, then no such presumption can arise, and the distribution must be made in the manner prescribed."

The respondents contend that the conclusion reached by the Circuit Judge is correct, for the reason that the word "stirpes" refers to blood relationship; that the testator by the use of the term "per Sturpes" in the fourth item of his will intended to limit the taking to those heirs of Isabella living at her death who were her blood relations; that certainly he did not intend her husband, if she should marry again, to take anything. The appellant urges that "stirpes" is not a word of inheritance or purchase, but relates solely to the mode of distribution.

After very careful consideration, we think the appellant's contention should be sustained. The term "per stirpes" is defined in 30 Cyc., 1533, to be "a term of the civil law, extensively used in the modern English and American law, to denote that mode of the distribution and descent of intestate's estates, where the parties entitled take the shares which their stocks (such as a father), if living, would have taken."

It is true that "stirpes" denotes roots or common stocks, and that the term "per stirpes" means literally "by stocks or roots," yet, as has been indicated, that term as employed in our law relates to the mode of distribution—not who shall take, but the manner in which those shall take who come within the class entitled to take. With regard particularly to gifts, we think that, as has been said, "the words 'per stirpes' are not strictly applicable to named legatees, or legatees designated as a class, and are ordinarily, at least, appropriate and are used with respect to substitutional gifts to substituted legatees in the case of the death of a primary legatee."

In the case at bar, the testator devised the property to the "heirs" of Isabella living at her death. The defendants are put to the necessity of invoking the statute of distribution to have themselves identified as "heirs"; but the same statute

also designates the plaintiff, the surviving husband of Isabella, as an "heir." It is clear, therefore, that the husband will take, along with the other heirs, as designated by the statute, unless, as contended by respondents, the use of the words "per sturpes" excludes him. But by the use of that term, the testator did not mean to identify or name the devisees—he had already done that—but to prescribe the manner in which they should take; whatever may have been his intention, however, the term "per sturpes," as used by him, is as above indicated, meaningless, for the reasons that it is not a word of purchase, and, under the facts of this case, has no application to the distribution of the property among those entitled to take.

The plaintiff Irvin, therefore, is entitled to one-half of one-third of the property, the defendant Melissa Wallace to one-fourth of one-third, and the children of Dan Powell, the deceased half-brother, to one-fourth of one-third among them, and the decree of the Circuit Court is modified accordingly; in all other respects it is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN and CARTER, and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.