Patricia Jennings WRIGHT and
Maribeth Jennings Sayler,
Plaintiffs–Appellants,

v.

Wallace BRANDON, Executor,
Defendant,

and

Jo Ann Jennings, Defendant–Appellant.

Supreme Court of Tennessee,
at Nashville.

Sept. 27, 1993.

Thomas I. Bottorff, Brentwood, for plaintiffs-appellants.

Robert J. Warner, Jr., Diane S. Kuhn, Nashville, for defendants.

## OPINION

O'BRIEN, Justice.

The issue presented in this appeal revolves about whether the term *per stirpes* used in conjunction with the term *heirs at law* in a testamentary document work together to exclude the surviving spouse of a named predeceased residuary legatee from inheriting under the terms of a properly executed and probated will. At trial both parties moved for summary judgment. The court granted summary judgment for the plaintiffs; the defendant appealed. The Court of Appeals reversed and granted summary judgment for the defendant. The cause is now before this Court on the grant of the plaintiffs' Rule 11 application for permission to appeal.

We conclude that the two terms, per stirpes and heirs at law, used together do not, absent a clear intent by the testator to the contrary, exclude a surviving spouse of a deceased legatee as a distributee under the terms of a will.

On 27 April 1983, Claude Brandon, while a resident of Alachua County, Florida, apparently with the assistance of counsel, properly executed his Last Will and Testament. In August 1983, Mr. Brandon returned to Murfreesboro, Tennessee where he resided until his death on 16 November 1984. At the time of his death, the value of his estate totaled approximately $500,000.

After providing for the payment of funeral expenses and debts, Claude Brandon made two specific bequests in his will: $2,500 to his church and $5,000 for the perpetual care of his and his wife's burial plots. The rest, residue, and remainder of his estate Mr. Brandon bequeathed to five named individuals including his nephew William Thomas Jennings, who is the deceased spouse of defendant, Jo Ann Jennings.

The will also contained the following residuary clause providing for distribution of a legatee's share in the event any named beneficiaries predeceased him:

In the event any of the above named parties should predecease me, or die simultaneously with me, then I give, devise and bequeath that part of my estate which is bequeathed to such party to the *heirs at law* of such party living at the time of my death, *per stirpes*. (emphasis added).

Claude Brandon's will was admitted for probate in Rutherford County, Tennessee.

On 12 November 1984, four days prior to the death of his uncle, legatee William Thomas Jennings died intestate while a resident of Davidson County, Tennessee. Besides being survived by his wife, Jo Ann Jennings, Mr. Jennings is also survived by his two daughters from a previous marriage, Patricia Jennings Wright and Maribeth Jennings Sayler. Mr. Jennings' daughters brought this suit for a declaration of rights under the will of Claude Brandon.

Ms. Wright and Ms. Sayler contend that Ms. Jennings (now remarried) is not an heir at law and is not entitled to benefit from the testamentary bequest made by Claude Brandon to their father, William Thomas Jennings. The daughters support their contention by arguing that the term "per stirpes" as used in the residuary clause of the will modifies the term "heirs at law" to include only the lineal decedents of William Thomas Jennings.

Defendant, Jo Ann Jennings argues that by statute she is an heir at law of her late husband and is entitled to a portion of the testamentary legacy as bequeathed by the terms of Claude Brandon's will.[1] She further argues that "per stirpes" is not an adjective that modifies "heirs at law," but is a term of art used to describe a mode of distribution among persons in the same class of beneficiaries. We find merit in the defendant's reasoning.

■ The primary and controlling rule in the construction of all wills is that the court ascertain the intent of the testator. The intent of the testator is to be ascertained from the particular words used, the context of the words used, and from the general scope and purpose of the will. Further, the

intent of the testator is to be given effect unless it defies a rule of law or public policy. *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn.1990).

■ It is also axiomatic that where a testator uses technical words, the words will be taken to have been used in their legal sense unless the context of the will clearly indicates the contrary. *Banovic v. Davis*, 642 S.W.2d 153 (Tenn.App.1982).

■ The will is also to be interpreted in light of the circumstances in existence at the time of the will's execution. *Locke v. Davis*, 526 S.W.2d 455 (Tenn.1975).

At the time Claude Brandon executed his will, the controlling statutes in both Florida and Tennessee defined the term "heirs" or "heirs at law" to include a surviving spouse. Florida Statute Annotated § 731.201(18), enacted in 1974 states:

'Heirs' or 'Heirs at law' means those persons, *including the surviving spouse*, who are entitled under the statutes of intestate succession to the property of a decedent. (emphasis added).

Tennessee Code Annotated § 31–1–101(5), enacted in 1977, provides:

"Heirs" means those persons, *including the surviving spouse*, who are entitled under the statutes of intestate succession to the property of a decedent. (emphasis added).

■ The term heirs at law refers to those who would inherit the real and personal property of a person dying intestate. *In Re Estate of Gray*, 729 S.W.2d 668, 670 (Tenn. App.1987). There is no difference to be made here between heirs and heirs at law. *See Felts v. Felts*, 188 Tenn. 404, 219 S.W.2d 903 (1949).

■ Clearly, the pertinent statutes of intestate succession in effect at the time of the execution of Claude Brandon's will dictate that the term "heirs at law" include a surviving spouse. Since Claude Brandon chose to use the words "heirs at law," and since the will contains no clear indication to

---

1. Wallace Brandon, executor of the will agreed to distribute the disputed amount of the legacy according to the directions of the trial court and was properly dismissed from the suit.

the contrary, we conclude that Mr. Brandon's intent was not to exclude the surviving spouse of William Jennings from receipt of a proper portion of the bequeathed legacy. *Banovic, supra.*

Although there is no Tennessee case law dealing directly with an interpretation of the combined use of "per stirpes" with "heirs at law," other jurisdictions with similar intestate succession statutes have been faced with the issue and have determined that per stirpes refers to the manner of distribution of a legacy. *See Irvin v. Brown* 160 S.C. 374, 158 S.E. 733 (1931). The term per stirpes "denotes that method of dividing an intestate estate where a class or group of distributees take the share which their deceased would have been entitled to, taking thus by their right of representing such ancestor, and not as so many individuals. It is the antithesis of *per capita* ..." Black's Law Dictionary, 1144 (6th Ed.1990).

The appellants also argue that where the intention of the testator is ambiguous or obscure, favor will be accorded to those beneficiaries who appear to be the natural objects of the testator's bounty. *See Davis v. Mitchell,* 27 Tenn.App. 182, 178 S.W.2d 889, 913 (1944). While we are in agreement with the viability of the preceding dictum, we fail to find the intent of testator, Claude Brandon, to be either ambiguous or obscure. As our sister court in Massachusetts succinctly stated in *Gustafson v. Svenson,* 373 Mass. 273, 366 N.E.2d 761, 762 (1977):

> The phrase "his heirs per stirpes" is not ambiguous. The word "heirs" includes, by force of statute, a surviving spouse. (citations omitted). "Per stirpes" simply indicates that procedure chosen by the testator for the distribution of a portion of the residue of their estates ...

■ "Per stirpes" is not a phrase of purchase or limitation; it does not serve to identify beneficiaries. The term merely relates to the mode of distribution to identified beneficiaries. Further, "per stirpes" is not a description of who is to take under the terms of the will, but describes the portion of the share to be allotted to individual members of that class of persons designated by the term "heirs at law," which is a term of purchase.

*See* W. Bowe & D. Parker, *Page on the Law of Wills* § 37.14 (3d ed. 1961).

■ Claude Brandon, by using "heirs at law" in his will, designated that if one of the named legatees should predecease him, the legacy would be divided among the predeceased's heirs at law in accordance with the controlling statutes of descent and distribution. Heirs at law, by statute, include a surviving spouse and the conjunctive use of the term "per stirpes" does not act to restrict the bequest to only lineal descendants. Finally, "per stirpes" as used by Claude Brandon merely directs the proportions in which the legal heirs of the named beneficiary, William Jennings, share the legacy bequeathed by his uncle.

Under T.C.A. § 31–2–104(a)(2) where there are surviving issue of the decedent, as in this case, the intestate share of a surviving spouse is either one-third (⅓) or a child's share of the entire intestate estate, whichever is greater. The widow therefore will receive a ⅓ share of the William Thomas Jennings bequest, with the remainder of the bequest vesting equally in his two daughters.

The judgment of the Court of Appeals is affirmed. The cause is remanded to the trial court for any further proceedings necessary in accordance with this Opinion. Costs of appeal are taxed against the appellants, Patricia Jennings Wright and Maribeth Jennings Sayler.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.