# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 11, 2000 Session

## JUNE YATES MERRITT v. AILEEN BIRON YATES, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 97-1350-II    Ellen Hobbs Lyle, Chancellor**

---

### No. M1999-00775-COA-R3-CV - Filed October 10, 2000

---

This appeal involves a dispute between Plaintiff June Yates Merritt ("Ms. Merritt") and Defendants Aileen Biron Yates ("Mrs. Yates") and Claire Biron ("Mr. Biron") regarding the proper interpretation or construction of mutual wills executed in April of 1985 by Mrs. Yates and her husband Thomas Harry Yates ("Mr. Yates"), who was the father of Ms. Merritt. After the death of Mr. Yates in December of 1985, Mrs. Yates deeded certain real property to Mr. Biron, gifted certain personal property to Mr. Biron, and established a revocable trust using money received as a result of her husband's death. In an action filed by Ms. Merritt challenging these transactions, the trial court determined that there were no genuine issues of material fact and entered a judgment in favor of Ms. Merritt. Additionally, the court denied Ms. Merritt's motion for discretionary costs. Mrs. Yates appeals the court's order granting a judgment in favor of Ms. Merritt and Ms. Merritt appeals the court's ruling regarding her motion for discretionary costs.[1] For the reasons set forth below, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Robert A. Anderson, Nashville, Tennessee, for the appellant Aileen Biron Yates.

John J. Archer, Nashville, Tennessee, for the appellee June Yates Merritt.

**OPINION**

---

[1]Mr. Biron is not a party to this appeal.

Ms. Merritt (formerly June Yates Flesch) is the step-daughter of Mrs. Yates, who married Ms. Merritt's father, Mr. Yates, in 1959. Mr. Biron is the brother of Mrs. Yates. In April of 1985, Mr. Yates executed a will providing as follows:

> My Wife, Aileen Biron Yates, is executing simultaneously herewith a Will containing provisions similar to those set out herein, and our said Wills are executed each in consideration of the other and pursuant to our agreement as to the disposition of our respective properties at our deaths, that is, that after certain specific bequests made by each of us as set out in our respective Wills, the remainder of the estate of the first to die will pass to the survivor of us, and on the death of the survivor his or her estate will pass to June Yates Flesch.

On the same date, Mrs. Yates executed a will containing a provision that is identical to the one quoted above, except that the word "Husband" and the name Thomas Harry Yates is substituted for the word "Wife" and name Aileen Biron Yates. Mr. Yates died in December of 1985, at which time the majority of his property, including a piece of real property located at 4929 Roselawn Circle, passed to Mrs. Yates by right of survivorship (not through his probate estate). In January of 1991, Mrs. Yates deeded the Roselawn Circle property to Mr. Biron, reserving a life estate in the property for herself.[2] Additionally, in September of 1994, Mrs. Yates gave all of her furniture, furnishings, and other personal effects to Mr. Biron but retained the right to use these items of personal property for the remainder of her lifetime. Finally, in March of 1996, Mrs. Yates created a revocable trust and placed assets totaling $174,770.17 into the trust. The trust instrument contains specific instructions regarding the disposition of the trust property following the death of Mrs. Yates. Under these instructions, none of the trust property passes to Ms. Merritt.

In April of 1997, Ms. Merritt filed a complaint against Mrs. Yates and Mr. Biron asking the court to set aside the transfer of the Roselawn Circle property to Mr. Biron and enjoin Mrs. Yates from making any further conveyances of her property that would defeat or impair the intention of the wills that she and Mr. Yates executed in 1985. Ms. Merritt filed an amended complaint in October of 1997 asking the court to determine the rights of the parties with respect to the furniture, furnishings, and other personal effects that Mrs. Yates gifted to Mr. Biron and the property contained in the revocable trust that Mrs. Yates established in 1996. In January of 1998, the trial court entered a memorandum and order finding that there are no genuine issues of material fact between the parties and that Ms. Merritt is entitled to a judgment as a matter of law. Thereafter in September of 1999, the court entered orders setting aside the deeds that Mrs. Yates had executed in favor of Mr. Biron, the transfer of Mrs. Yates' furniture, furnishings, and personal effects, and the revocable trust established by Mrs. Yates. Ms. Merritt subsequently filed a motion seeking an award of discretionary costs, which was denied by the trial court. This appeal by Mrs. Yates followed.

---

[2]In November of 1995, Mrs. Yates executed a corrected deed conveying this same property to Mr. Biron. This deed is identical to the previous deed except that the habendum clause of the previous deed was lined out.

The issues raised by the parties on appeal, as we perceive them, are as follows:

I.     Was the agreement between Mr. and Mrs. Yates regarding the disposition of their property at their deaths void for lack of consideration?

II.     Under the terms of this agreement, was Mrs. Yates prohibited from transferring certain real property, tangible personal property, and intangible personal property that did not pass to her as part of the probate estate of Mr. Yates?

III.     Assuming that the agreement did prohibit Mrs. Yates from transferring this property, is the amount by which the property increased after the death of Mr. Yates also subject to the terms of the agreement?

IV.     Did the trial court err in denying Ms. Merritt's motion for discretionary costs?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness and thus we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); T.R.A.P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); T.R.A.P. 13(d).

Mrs. Yates first contends that her agreement with Mr. Yates that the survivor of the two would leave his or her estate to Ms. Merritt is void for lack of consideration. In support of this argument, Mrs. Yates claims that, because no property passed to her under Mr. Yates' will that she was not already entitled to receive by right of survivorship, she did not receive a benefit as a result of the execution of this will. In order to be enforceable, a contract must be supported by consideration. *Smith v. Pickwick Elec. Co-op.*, 367 S.W.2d 775, 780 (Tenn. 1963); *Frank Rudy Heirs Assocs. v. Moore & Assocs., Inc.*, 919 S.W.2d 609, 613 (Tenn. Ct. App. 1995); *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 933 (Tenn. Ct. App. 1984). It is well settled that the mutual promises of the parties to the contract to either take some action or refrain from taking some action can serve as consideration for a contract. *See Buraczynski v. Eyring*, 919 S.W.2d 314, 322 n.6 (Tenn. 1996); *Rodgers v. Southern Newspapers, Inc.*, 379 S.W.2d 797, 800 (Tenn. 1964); *Squibb v. Smith*, 948 S.W.2d 752, 755 (Tenn. Ct. App. 1997); *Pearson v. Garrett Fin. Servs.*, 849 S.W.2d 776, 779 (Tenn. Ct. App. 1992). In the instant case, Mr. and Mrs. Yates both promised each other that they would execute wills disposing of their property pursuant to their agreement that the last to die would leave his or her property to Ms. Merritt. This is evidenced by the statement in both of their wills that "our said Wills are executed each in consideration of the other and pursuant to our agreement as to the disposition of our respective properties at our deaths." Thus, the mutual promises of Mr. and Mrs. Yates served as consideration for their agreement regarding the disposition

of their property. We therefore reject Mrs. Yates' argument that the agreement is unenforceable for lack of consideration.

The remaining two issues raised on appeal by Mrs. Yates both require us to determine the precise terms of the agreement between Mr. and Mrs. Yates. When two persons execute mutual wills[3] pursuant to an agreement regarding the manner in which their property is to be disposed of, the terms of the agreement must be ascertained by examining the contents of the wills themselves. *See* 1 Jack W. Robinson, Sr. & Jeff Mobley, Pritchard on Wills and Administration of Estates § 25 (5th ed. 1994). Thus, this Court must attempt to ascertain and enforce the intention of Mr. and Mrs. Yates as expressed by the language of the wills that they executed in 1985. ***See Williams v. Estate of Williams***, 865 S.W.2d 3, 5-6 (Tenn. 1993)*; **Wright v. Brandon***, 863 S.W.2d 400, 402 (Tenn. 1993); ***Daugherty v. Daugherty***, 784 S.W.2d 650, 653 (Tenn. 1990).

As stated above, the wills of Mr. and Mrs. Yates state that "after certain specific bequests made by each of us as set out in our respective Wills, the remainder of the estate of the first to die will pass to the survivor of us, and on the death of the survivor his or her estate will pass to June Yates Flesch." It is Mrs. Yates' position on appeal that her agreement with Mr. Yates applies only to property that passed through the estate of the first to die and therefore does not apply to property that she received by right of survivorship upon the death of Mr. Yates[4] or to any increase in value to this property that occurred subsequent to Mr. Yates' death. We think, however, that this contention is contrary to intention expressed in Mr. and Mrs. Yates' wills. There is no language in the wills limiting the scope of the agreement to the probate estate of the first to die. Rather, the wills state that "on the death of the survivor his or her estate will pass to June Yates Flesch." Thus, Mr. and Mrs. Yates agreed that the entire estate of the last to die would ultimately pass to Ms. Merritt, regardless of the origin of the assets contained in the estate. The estate of the survivor, Mrs. Yates, contains property that she received through the probate estate of Mr. Yates, property that she received by right of survivorship upon the death of Mr. Yates, and the amount by which the value of these assets have increased following Mr. Yates' death. Because Mrs. Yates is bound by her agreement with Mr. Yates to devise the entirety of this property to Ms. Merritt, we conclude that the trial court properly set aside the deeds that Mrs. Yates executed in favor of Mr. Biron, the transfer of Mrs. Yates' furniture, furnishings, and personal effects to Mr. Biron, and the revocable trust established by Mrs. Yates. We therefore affirm the ruling of the trial court with respect to these matters.

With this ruling, we by no means suggests that Mrs. Yates may not reasonably use for her own benefit the property which she received from Mr. Yates. We merely recognize that the mutual wills made by Mr. and Mrs. Yates simply limit her use of the property to ***reasonable*** use, and that

---

[3]The term "mutual wills" has been described as separate wills of two persons that are reciprocal in their provisions. *See, e.g., In re Estate of Hurdle*, 868 S.W.2d 627, 629 (Tenn. Ct. App. 1993).

[4]While the common law may affect the methods by which Mrs. Yates obtained any such property, it "does not preclude contracts in mutual wills binding the survivor to a given disposition [in a] will." ***Ashley v. Volz***, 404 S.W.2d 239, 244 (Tenn. 1966).

Mrs. Yates may not dispose of the property in a manner inconsistent with the obvious intent of the wills.

The Tennessee Supreme Court adopted this rationale in *Ashley v. Volz*, 404 S.W.2d 239 (Tenn. 1966). Quoting the Rhode Island case of *Daniels v. Aharonian*, 7 A.2d 767 (R.I. 1939), the supreme court stated:

> if that part of the agreement which binds the surviving party [, the mutual will,] contains no provision defining such party's powers over the whole property during the survivorship, but only provides that he shall by will dispose of his property at his death to certain beneficiaries a certain way, then it seems to be well settled that he holds all the property subject to a trust to carry out the agreement, but may use not only the income but reasonable portions of the principal for his support and for ordinary expenditures, and may change the form of it by reinvestment and the like, [b]ut must not give away any considerable portions of it or do anything else with it that would be inconsistent with the spirit or the obvious intent and purpose of the agreement.

*Ashley v. Volz*, 404 S.W.2d 239 (Tenn. 1966) (quoting *Daniel v. Aharonian*, 7 A.2d 767 R.I. 1939).[5] We feel that this ruling proves clear and fair guidelines for the use of property obtained through a mutual will and, as such, limit Mrs. Yates' use of the property to reasonable use not inconsistent with the intent or purpose of the agreement.

Finally, Ms. Merritt argues on appeal that the trial court erred in refusing to grant her motion for discretionary costs. Rule 54.04 of the Tennessee Rules of Civil Procedure, which authorizes the court to award discretionary costs, provides in pertinent part as follows:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

T.R.C.P. 54.04(2). Thus, Rule 54.04 expressly authorizes the trial court, in its discretion, to award as discretionary costs only certain types of expenses. Trial courts are afforded a great deal of discretion when considering whether to award costs. *See, e.g., Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999). Absent a clear abuse of discretion, appellate courts generally will not alter a trial court's ruling with respect to costs. *See, e.g., Placencia*, 3 S.W.3d at 503 (citing *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn.1992)). In her motion for discretionary costs, Mrs. Yates sought reimbursement in the amount of $2,467.77 for the expense

---

[5]While *Ashley v. Volz* involved a joint will, we note that *Daniel v. Aharonian* involved a mutual will. We find these guidelines would apply equally in either case.

of filing a Notice of Lis Pendens against the Roselawn Circle property, the expense of obtaining an appraisal of the Roselawn Circle property, and certain court reporter expenses. With respect to the fee for filing a Notice of Lis Pendens and the fee of the property assessor, we do not think that these type of expenses qualify as discretionary costs within the meaning of Rule 54.04. Court reporter fees, however, may be awarded as discretionary costs in the trial court's discretion. *See* T.R.C.P. 54.04(2). In its order denying Mrs. Yates' request for such fees, the trial court stated, and we agree, that "this litigation was prosecuted by both sides in good faith." Under such circumstances, we conclude that the trial court did not abuse its discretion in denying Mrs. Yates' motion for discretionary costs and therefore affirm the court's ruling with respect to this matter.

Based on the foregoing, the ruling of the trial court is in all respects affirmed. The costs of this appeal are assessed against Aileen Biron Yates and her surety, for which execution may issue if necessary.

                            _____

                            DAVID R. FARMER, JUDGE